■ ELLIOT SALTZMAN, Respondent, v BERT LIEBMAN et al., Appellants. —Order, Supreme Court, New York County, entered March 23, 1976, denying defendants' motion on renewal for an order granting leave to amend their answer, so far as appealed from, unanimously reversed, on the law and in the exercise of discretion, and the motion to amend granted, with $40 costs and disbursements to appellants. Appeal from the order of the same court entered December 3, 1975, unanimously dismissed as academic, without costs and without disbursements. The plaintiff, an architect, brought an action for services rendered in connection with a nursing home project to recover a balance due of some $114,000. The defendants counterclaimed for over 1 million dollars, alleging contractual breach and malpractice. The defendants' answer attached as an exhibit a written agreement between the parties. The plaintiff's reply to the counterclaim had with it a demand for a bill of particulars with respect to the allegations of the counterclaim, and a perusal thereof indicates that there were later amendments to the agreement between the parties, which amendments had not been pleaded in the answer and counterclaim. The defendants then sought leave to serve an amended answer, which was denied in the order of December 3, 1975, with leave to renew upon submission of an affidavit of merits as to the proposed amendment. When the renewal motion was made together with the affidavit of merits, it was denied on insubstantial grounds. CPLR 3025 (subd [b]) provides that leave shall be given freely to amend a pleading, subject, of course, to any prejudicial effect. *(Katz-Waisman Weber Strauss v Kingsbrook Jewish Med. Center,* 36 AD2d 807.) In this matter obviously the amendments to the agreement between the parties should be before the court. Further, the fact that the proposed answer on the renewal motion was different from that originally proffered does not detract from its viability. Concur—Markewich, J. P., Kupferman, Lupiano, Silverman and Lynch, JJ.

■ SUROWITZ & RUSKIN, P. C., Appellant, v LEE SABLE, as Executrix of WALTER EPHRON, Deceased, et al., Respondents.—Order, Supreme Court, New York County, entered March 10, 1976, *inter alia,* granting defendants' motion to transfer the instant action to Surrogate's Court, unanimously reversed, on the law and in the exercise of discretion, without costs or disbursements, and said motion denied. While the first three causes of action appear to relate to services rendered the estate administered by defendant Lee Sable, the fourth and fifth causes do not. Moreover, defendant Philip Sable apparently had no relationship to said estate. Accordingly, since only some of the causes can be transferred, we believe judicial time and resources would be best served by not fragmentizing this litigation. Concur—Murphy, J. P., Birns, Capozzoli, Nunez and Lynch, JJ.